**Thomas BEAUDOIN, Plaintiff–Appellant,**

v.

**MICHIGAN RACING INC.; Connie Smith; Chuck Whitlow; Annette Bacola; Tom Griffin; James Bowes; Louis M. Alosso; Donald McGehee; Kevin Scheen; Cindi Iacovacci, also known as Cindi Gonzalez; Julia Stevenson; Mike Mackey; Patric Mackey; John Grabinski, Defendants–Appellees.**

No. 01–1556.

United States Court of Appeals, Sixth Circuit.

March 12, 2002.

Before KENNEDY, BOGGS, and DAUGHTREY, Circuit Judges.

*ORDER*

Thomas Beaudoin, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. §§ 1983 and 1985, as well as state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Beaudoin sued fourteen defendants, alleging that the defendants interfered with his ability to perform his duties as a Fruitport Township horse racing official when they barred him from restricted areas of the Great Lakes Down racetrack, and that they intentionally lied about him in an effort to have him removed from his job. He essentially claimed that: 1) the defendants improperly violated a state court order which assured him of the right of access to restricted areas of the racetrack; 2) the defendants violated his Fourteenth Amendment due process rights when they "took" his license granting him access to restricted areas of the racetrack; 3) the defendants violated his equal protection rights; 4) the defendants' conduct constituted a violation of the state law torts of libel and slander; and 5) the defendants engaged in a conspiracy to deprive Beaudoin of his rights. Defendants Iacovacci, Mike Mackey and Patric Mackey were not served, and the remaining defendants filed motions to dismiss Beaudoin's claims. Thereafter, Beaudoin moved to amend his complaint, essentially attempting to assert additional state law claims.

Upon review, a magistrate judge filed a report recommending that the district court grant the defendants' motions to dismiss. The magistrate judge concluded that the district court lacked jurisdiction to address Beaudoin's first claim and that he failed to state a claim for relief with respect to his remaining federal claims. The magistrate judge also recommended that the district court decline to exercise supplemental jurisdiction over Beaudoin's state law claims, and that the court deny Beaudoin's motion to amend his complaint because the proposed amendments would be futile. Over Beaudoin's objections, the district court adopted the magistrate judge's recommendation and dismissed the case.

Beaudoin has filed a timely appeal, essentially reasserting his claims. He also argues that the district court failed to review his claim that the defendants injured his reputation under § 1983, and that the district court should have reviewed his conspiracy claim under § 1983 and not § 1985.

Upon review, we conclude that the district court properly dismissed Beaudoin's complaint for the reasons stated by the magistrate judge and adopted by the district court in its March 28, 2001, order. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir.1999).

Beaudoin's first claim was properly subject to dismissal for lack of subject matter jurisdiction. Here, Beaudoin essentially sought to have the federal courts enforce a state court order allegedly granting him a right of access to restricted areas of the racetrack. However, the appropriate recourse available to Beaudoin, for the alleged violations of the state court's order, was to advise the state court of the alleged violations and to pursue the matter in the Michigan courts. *See, e.g., Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) (state rather than federal courts are the appropriate institutions to enforce state rules).

The district court also properly concluded that Beaudoin did not state a due process claim because he did not identify any constitutionally protected liberty interest that had been interfered with by the defendants. *Jackson*, 194 F.3d at 749. Beaudoin also failed to state a substantive due process claim because he did not identify any official misconduct that was oppressive or infringed on any fundamental right. *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir.1996).

Beaudoin did not state an equal protection claim because he did not even allege that the defendants discriminated against him because of his membership in a protected class. *McCleskey v. Kemp*, 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987); *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir.1990). Beaudoin also failed to state a claim for damage to his reputation because he did not sufficiently allege that any alleged stigmatizing statements were coupled with the deprivation of some other constitutionally protected right. *Brown v. City of Niota*, 214 F.3d 718, 722–23 (6th Cir.2000).

Beaudoin did not state a conspiracy claim under § 1985 because he did not allege that the conspiracy was motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus. *Bartell v. Lohiser*, 215 F.3d 550, 559–60 (6th Cir.2000). To the extent that Beaudoin asserted this claim under § 1983, it still lacks merit because Beaudoin has not stated a claim for any underlying wrong. *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 354 (6th Cir.2000).

Finally, contrary to Beaudoin's argument on appeal, the district court properly declined to exercise its supplemental jurisdiction over Beaudoin's state law claims against the defendants once it dismissed

his federal claims. *Hankins v. The Gap, Inc.,* 84 F.3d 797, 802–03 (6th Cir.1996).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.